**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | **CASE NO. 2:19-CR-27** |
| v. | : | |
| | : | **JUDGE WATSON** |
| **JAMES E. GIBSON,** | : | |
| **Defendant.** | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

**I.   INTRODUCTION**

On December 2, 2019, Defendant James E. Gibson entered a plea of guilty to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

The Probation Department calculated the Defendant's guideline range as 77-96 months' imprisonment with a criminal history category of VI and an offense level of 21. The parties entered into a plea agreement with a binding sentencing range of 18 to 24 months imprisonment, based upon a limited assessment of Mr. Gibson's criminal history and a finding that one of his known prior offenses did not qualify as a crime of violence. The government concurs with the defendant's objection concerning the calculation of his base offense level and stands by its plea agreement. The government requests that the Court impose a sentence of 24 months.

**II.   STATEMENT OF FACTS**

On or about November 20, 2018, the defendant James E. Gibson illegally possessed a firearm and ammunition after having previously been convicted of felony offenses. Law enforcement officers arrived at a Columbus residence with a SWAT team to execute an arrest

warrant. Multiple individuals were present in the home, excluding the subject of the warrant. During a sweep of the home, officers located James Gibson hiding in a closet. After removing Gibson from the closet, officers recovered a loaded FEG model PA63 9mm pistol bearing the serial number L051875. The pistol was recovered under where Gibson hid. On a shelf above where Mr. hid, officers located was a loaded pistol magazine. Mr. Gibson had been previously convicted of offenses that prohibited him from possessing a firearm, including robbery and felonious assault.

### III. GIBSON'S GUIDELINE RANGE

The Probation Department calculated the Defendant's guideline range as 77-96 months imprisonment with a criminal history category of VI and an adjusted offense level of 21. The Probation Department calculated a base offense level pursuant to U.S.S.G. § 2K2.1(a)(2), which provides that the base offense level is 24 where the defendant committed two prior crimes of violence. The parties' plea agreement provided for a base offense level of 20 pursuant to §2K2.1(a)(4), for one prior crime of violence; and, therefore, Mr. Gibson has objected to a finding that both his prior robbery and felonious assault convictions are violent crimes. While the government agrees that the prior felonious conviction is a crime of violence given the apparent use of force as charged in the offense specification and sentencing documents, the government disagrees with the Probation Department that the prior robbery offense qualifies. Pursuant to *United States v. Yates*, 866 F.3d 723 (6th Cir. 2017), a third degree robbery conviction in Ohio does not qualify as a prior crime of violence. A review of Mr. Gibson's criminal history and conviction documents illustrates that he was convicted of third degree (F-3) robbery. Accordingly, that offense does not count as a prior crime of violence and the Mr. Gibson's base offense level should be 20, rather than 24. With the application of a three point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, Mr. Gibson's accurate, adjusted offense level is 17.

The resultant guidelines range is 51 to 63 months.[1] The statutory maximum term of imprisonment is ten years.

IV. **A SENTENCE OF 24 MONTHS IS SUFFICIENT BUT NOT GREATER THAN NECESSARY UNDER 18 U.S.C. § 3553(a)**

Consideration of the appropriate sentencing factors supports the imposition of a sentence of 24 months imprisonment. In consideration of the government's requested sentencing range, Mr. Gibson deserves a sentence of incarceration that accounts for the nature of his youth as well as his repeated decisions and possession of an illegal firearm last year. The Probation Department also documented an urgent need for treatment.

V. **CONCLUSION**

The United States respectfully requests that this Court sentence Mr. Gibson to a term of incarceration of 24 months.

Respectfully submitted,

DAVID M. DEVILLERS,
United States Attorney

Date: June 15, 2020

/JONATHAN J.C. GREY_____
Jonathan J.C. Grey (IL Bar 6292918)
Assistant United States Attorney

---

[1] The government's pre-plea sentencing calculations did not account for Mr. Gibson's criminal history designation at the highest category, category VI, 51-63 months. The government calculated that the criminal history determination likely would place Mr. Gibson in category III, 30-37 months.

## **CERTIFICATE OF SERVICE**

    I hereby certify that on June 15, 2020, I electronically filed this sentencing memorandum with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

|  |  |
|---|---|
| Date: June 15, 2020 | /s/ JONATHAN J.C. GREY<br>Jonathan J.C. Grey (IL Bar 6292918)<br>Assistant United States Attorney |